UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE FARM FIRE & CASAULTY COMPANY, | Civil Action No. 19-19205 |
| Plaintiff, | **OPINION** |
| v. | |
| GREE USA INCORPORATED, et al., | |
| Defendants. | |

**APPEARANCES**:

DANIEL J. DELUCA
De LUCA LEVINE LLC
THREE VALLEY SQUARE
SUITE 220
BLUE BELL, PA 19422

   *On behalf of Plaintiff*

JENNIFER ANN GUIDEA
MAXINE J. NICHOLAS
DANIEL JASON DIMURO
GORDON & REES SCULLY MANSUKHANI LLP
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NEW JERSEY 07932

JOSEPH VICTOR CORSELLO
JOSEPH T. RIVERA, JR.
GORDON & REES SCULLY MANSUKHANI LLP
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004

   *On behalf of Defendants GREE USA, INC.*
   *and MJC AMERICA, LTD d/b/a SOLEUS*

**HILLMAN**, District Judge

1

This matter is presently before the Court upon receipt of Plaintiff State Farm Fire & Casualty Company's ("Plaintiff") Motion for Partial Summary Judgment and Defendants Gree USA, Inc. and MJC America, LTD d/b/a Soleus's ("Moving Defendants") Cross-Motion for Partial Summary Judgment.  For the reasons set forth below, Plaintiffs' Motion to for Partial Summary Judgment is GRANTED in part and DENIED in part and Moving Defendants' Cross-Motion for Partial Summary Judgment is GRANTED in part and DENIED in part.

## BACKGROUND

On May 20, 2019, a fire occurred at 5 Cranberry Lane in Shamong, New Jersey ("Subject Property").  (Statement of Facts "SOF" 1.)  The fire caused damage to real property belonging to Plaintiff's subrogor, Mary Fischl.  (SOF 2.)  The damage to the real property was covered under a policy of insurance held by Ms. Fischl and issued by Plaintiff.  (SOF 3.)  Plaintiff filed this matter against Defendants seeking to recover the cost to repair certain real property that was allegedly damaged due to Defendants' product's malfunction.  Plaintiff filed a Motion for Partial Summary Judgment and Moving Defendants filed a Cross-Motion for Partial Summary Judgment as to the measure of recoverable real-property damages.  The Motions for Partial Summary Judgment have been fully briefed.  Therefore, the motions are ripe for adjudication.

## **DISCUSSION**

### a. Subject Matter Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### b. Motion for Summary Judgment Legal Standard

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); FED. R. CIV. P. 56(a). If review of cross-motions for summary judgment reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts. See Iberia Foods Corp. v. Romeo Jr., 150 F.3d 298, 302 (3d Cir. 1998) (citation omitted).

### c. Analysis

Plaintiff argues it is "entitled to recover the full repair cost of its insured's damaged real property, rather than the 'actual cash value' ('ACV') thereof, or indeed any measure employing depreciation." (See ECF No. 28-1 "Pl. Br." at 1.) In support of this position, Plaintiff contends that "[i]n New

3

Jersey, the only recognized measures of recoverable damage to real property are (1) the cost to repair the damaged property, or (2) the diminution in the fair market value of the property attributable to the damage." (Id.).  Plaintiff contends repair costs are recoverable here because "the repair cost does not exceed the diminution in the fair market value ('DFMV') of the property and/or is more reflective of the actual loss suffered." (Id.)

In response, Moving Defendants contend Plaintiff's motion should be denied because it fails to cite to the record or any sufficient facts in support of its position.  In addition, Moving Defendants argue New Jersey law requires consideration of depreciation when measuring recoverable real property damages. (See ECF No. 31-1 "Def. Br." at 7-8, 11.)  In support of this proposition, Moving Defendants interpret the phrase: "to the condition immediately prior to the harm" to mean depreciation must be considered when calculating the recoverable amount of repairs.  (Id. at 8.)  Finally, Moving Defendants direct this Court to out of state case law to support its proposition that ruling for Plaintiff would "make New Jersey the only state in the country to not consider property depreciation when calculating recoverable real property damages."  (Id. at 9, 11-13.)

In response, Plaintiff explains it was not able to provide

4

Moving Defendants or this Court with the Statement of Loss at the time it filed its motion because the Court-imposed deadline for production of all damages documentation was three weeks after Plaintiff filed its motion.  Plaintiff explains its motion is not procedurally improper because Moving Defendants have provided the Court with the relevant Statement of Loss that demonstrates the alleged amount of repairs is approximately $260,000.

Nevertheless, Plaintiff argues that the real issue here is not about the particular values of the Statement of Loss and instead is the following legal issue: "whether Plaintiff is entitled to recover repair cost (without deduction for depreciation) as opposed to the diminution in the property's market value as a result of the fire that forms the basis of this litigation."  (See ECF No. 32 "Pl. Reply Br." at 2-4.)  In addition, Plaintiff focuses on New Jersey case law where repairs have been awarded and there was no deduction for depreciation and thus disagrees with Moving Defendants' interpretation of the phrase "condition immediately prior to the harm."  Instead of Moving Defendants' reading, Plaintiff interprets this phrase to mean having a "fully functional house to live in and to enjoy," which Ms. Fischl no longer could do following the fire.  (Id. at 5-6.)

Finally, Plaintiff explains Moving Defendants' citation to

5

out of state case law is unpersuasive because a majority of those cases discuss the proper measure of damage to personal property, deal with how to measure damages under the specific terms of an insurance policy, deal with various measures of damages unrelated to the cost to repair real property, or even if related to real property damage, fail to explain whether depreciation should be deducted from repair cost.  (Id. at 8-10.)  This Court agrees in part with Plaintiff and in part with Moving Defendants.

"The appropriate measure of damages for injury done to land is a complex subject and courts have responded to such claims in a great variety of ways depending upon the evidence in the particular case."  Velop, Inc. v. Kaplan, 301 N.J. Super. 32, 64 (App. Div. 1997) (citing Daniel B. Dobbs, Remedies, §§ 5.2-5.16 at 310-34 (1973)).

"In almost every case [concerning damages to real property], one of two measures is employed." Mosteller v. Naiman, 416 N.J. Super. 632, 638 (App. Div. 2010).  Both measures have "a wide sphere of application, and the court's selection of one test or the other is basically an assessment of which is more likely to afford full and *reasonable* compensation."  Id. (quoting Velop, 301 N.J. Super. at 64) (emphasis in original).

The first measure, described as the "most commonly

mentioned in the opinions," is diminution of value. <u>Velop</u>, 301 N.J. Super. at 64 (citation omitted). "Under this measure the plaintiff is entitled to recover the difference in the value of his property immediately before and immediately after the injury to it, that [is], the amount his property has diminished in value as a result of the injury." <u>Id.</u>

"The diminution-of-market-value measure of damages is generally applicable in cases in which the harm to land is permanent." <u>Martin v. Bank of Am.</u>, No. 15-2128, 2018 WL 3614171, at *8 (App. Div. July 30, 2018) (citing <u>Woodsum v. Pemberton</u>, 177 N.J. Super. 639, 646 (App. Div. 1981); 8 Thompson on Real Property, Third Thomas Edition, § 67.06(a)(2) at 157 (David A. Thomas ed. 2016) (permanent damages for harm to property are measured by depreciation in market value of the property)).

The second measure, "the replacement-cost or restoration-cost measure[,] . . . 'awards the plaintiff the reasonable cost of restoring or repairing the damage.'" <u>Mosteller</u>, 416 N.J. Super. at 638 (quoting <u>Velop</u>, 301 N.J. Super. at 64). "This measure is generally applied where the damage is temporary." <u>Martin</u>, 2018 WL 3614171, at *8 (citing <u>Woodsum</u>, 177 N.J. Super. at 646).

In selecting between these two measures of quantifying property damages, New Jersey courts have recognized that "it can

7

be unfair to use the restoration-cost method when 'the cost of repairs vastly exceeds . . . the probable market value of the property.'" Mosteller, 416 N.J. Super. at 638 (alteration in original) (quoting Correa v. Maggiore, 196 N.J. Super. 273, 285, 482 A.2d 192 (App. Div. 1984)); see also Model Jury Charge (Civil), 8.40, "Trespass to Real Property" (2018) ("The measure of damages to be awarded to a plaintiff entitled to a verdict is the difference between the fair market value of his/her property before and after the trespass by the defendant" and "[t]he cost of repair is a proper element to consider in ascertaining the diminution in value resulting from a tortious injury to real property").

Here, Plaintiff alleges it "cannot be shown that the repair exceeds the property's diminution in fair market value." In support of this proposition, Plaintiff directs this Court to two property estimates from Zillow and Realtor.com which state the market value as of May 2019 was $353,600 and $332,500, respectively and explains the $260,000 worth of fire, smoke, and water damage rendered Ms. Fischl's uninhabitable. Accordingly, Plaintiff contends that since the "online estimates indicate that the property had a fair-market value of approximately $343,000 when habitable at the time of the loss . . . the diminution as caused by the fire would then be essentially that full value." Based on this reasoning, Plaintiff argues the cost

8

of repair of $260,000 is the appropriate measure of damage as it is considerably lower than the diminution in fair market value ("DFMV") and "is a better reflection of Plaintiff's actual damages." (Pl. Br. at 6.) In response, Moving Defendants correctly point out that "nothing in the record establishes the [DFMV] of the loss location." Moreover, Moving Defendants direct this Court to the fact none of the exhibits to Plaintiff's Motion for Partial Summary Judgment reflect a market value of $343,000, which Plaintiff alleges is the approximate market value.

Finally, Moving Defendants explain Plaintiff fails to cite to any document in the record or submit any evidence explaining that the approximate real property damages is $260,000. (Def. Br. at 7-8.) In response, Plaintiff fails to even acknowledge the first two problems pointed out by Moving Defendants and instead just explains any issue with the amount of repairs is cured because Moving Defendants have attached the relevant Statement of Loss. Moreover, Plaintiff directs this Court's attention to the fact that the Court-imposed deadline for production of all damages documentation was not until three weeks after Plaintiff filed its motion and that any disagreement as to the specific amount of values in the Statement of Loss is not germane to determining whether at this point Plaintiff is entitled to recover repair costs. This Court agrees with Moving

9

Defendants.  At the Motion for Summary Judgment stage, the Plaintiff must rely upon facts in the record and there is nothing in the record here that establishes the DMFV is in fact $353,600 or $332,500.  Although this Court acknowledges it does have sufficient evidence to determine the approximate amount of repairs based on the Statement of Loss, this does not save Plaintiff from the issue of failing to point to anything in the record that establishes the DFMV of the Subject Property.

This is necessary for the Court's determination because as New Jersey court's have held repair costs are not appropriate where they vastly exceed the DFMV.  Thus, at this point and with the limited record before it, this Court cannot tell whether the repair cost is actually more likely to afford full and *reasonable* compensation.  Although in its brief, Plaintiff has asserted summarily facts, which, if true, may establish that the appropriate measure of damages is repair costs, the Court cannot rely on facts asserted outside the pleadings, affidavits and other evidence adduced to determine a motion for summary judgment.  Accordingly, the Court cannot conclude as a matter of law based on the record before it that the proper measure of damage is repair costs.  For this reason, Moving Defendants' Cross-Motion for Partial Summary Judgment is granted to the extent it asks this Court to not determine whether the appropriate measure of damages is cost of repairs at this point

10

and Plaintiff's Motion for Partial Summary Judgment is denied to the extents it seeks this Court to order cost of repairs is the appropriate measure of damages.

Nevertheless, this Court does agree with Plaintiff that if the appropriate measure of damages is cost of repairs, then depreciation should not be deducted from the cost to repair the damaged property.  This Court agrees that the New Jersey Supreme Court has awarded repair costs without making any mention of depreciation while allowing the plaintiff to recover the cost to repair the damaged real property involved in those cases.  See Berg v. Reaction Motors Div., Thiokol Chem. Corp., 37 N.J. 396, 412 (1962)(citing Bates v. Warwick, 77 N.J.L. 387, 388 (1909)).  Accordingly, this Court rejects the Moving Defendants' interpretation that the phrase: "condition immediately prior to the defendant's activities" means depreciation must be deducted from the cost of restoration.

This conclusion is further supported by a fairly recent New Jersey Appellate Division case.  In Martin, the court found that "the cost of rest of restoration greatly exceeds the $25,000 diminution in the market value of the property."  Martin, 2018 WL 3614171, at *10.  The court further noted the "judge properly found, the present action is distinguishable from Berg, where the Court found the plaintiffs were entitled to restoration of their home to the 'condition immediately prior to the

11

defendant's activities.'"  Id.   The court concluded that "awarding plaintiffs full restoration costs of $750,000 would be unreasonable and would not represent their actual loss" where the diminution in the market value of the property was only $25,000 and the property at issue flooded years before the plaintiff even purchased the property.  Id.

In reaching this conclusion the court did not compare the diminution in the market value with the restoration costs minus depreciation.  Instead, the court specifically compares diminution in the market value with "full restoration costs."  Id.  This further supports this Court's rejection of the Moving Defendants' argument that if Plaintiff may recover repair costs such costs must take into account depreciation.

Finally, this Court agrees with Plaintiff that Moving Defendants' reliance on Elberon and Correa is misplaced.  First, Elberon involved a case where the terms of the insurance policy explained depreciation must be considered when calculating the loss.  Elberon Bathing Co. v. Ambassador Ins. Co., 77 N.J. 1, 6 (1978) ("Defendant argues that an award based on replacement cost without deduction for depreciation contravenes the measure of recovery provided for in the policy, that being 'actual cash value.' We agree.").  Thus, this does not support the proposition that under New Jersey common law depreciation must be deducted from restoration costs.

Second, the language quoted from <u>Correa</u> does not support Moving Defendants' position as that case simply holds that a party may not cover repair costs when the amount "vastly exceeds the contract price and the probable market value of the property," which is a rule of law Plaintiff does not contest. <u>Correa v. Maggiore</u>, 196 N.J. Super. 273, 285 (App. Div. 1984). As Plaintiff notes, <u>Correa</u> fails to mention how depreciation must be deducted from the cost of repair, which instead lends support to Plaintiff's position.

Moving Defendants' final argument that finding for Plaintiff's would result in New Jersey being the only state to not consider property depreciation when calculating recoverable real property damage is unpersuasive.  In support of this argument, Moving Defendants direct this Court to case law within the Third Circuit as well as states within other circuits, including <u>Pa. Dep't of Gen. Servs. V. U.S. Mineral Prods. Co.</u>, 898 A.2d 590, 599-600 (2006).  Through the Court's independent research it found a case relating to evidentiary objections, including one objection that is entirely inconsistent with Moving Defendants' argument regarding its interpretation of Pennsylvania case law and actually cites to the same case Moving Defendants now rely on.  <u>Cloud v. Electrolux Home Prod., Inc.</u>, No. 15-00571, 2017 WL 3835602 (E.D. Pa. Jan. 26, 2017).

More specifically, in <u>Cloud</u>, the plaintiffs wished to bar

13

on relevancy grounds evidence of depreciation because they argued "under Pennsylvania law, damages to real property are compensated by the cost of restoring the property to its pre-loss condition." Id. at *3.  In response, defendants argued that "any damages award must take into account the depreciation of the [plaintiff's] property before the fire took place." Id. The court explained that "[u]nder Pennsylvania law, the calculation of damages for permanent harm to real property is the diminution in the value of the property caused by the damage. For reparable harm to real property, the measure of damages is the cost of repair or the market value of the property before it was damaged, whichever is less." Id.

Based on this rule of law, the court, while citing Pa. Dep't of Gen. Servs. V. U.S. Mineral Prods. Co., which Moving Defendants now rely on, held "[e]vidence of depreciation would therefore be relevant to the damages calculation only if the [plaintiffs'] home was destroyed by the fire" and that "[i]n that event, the diminution of value of the property caused by the fire would have to take into account the property's depreciation to avoid awarding the [plaintiffs] a windfall." Id.  The court then further recognized that the plaintiffs did not "allege that the damage to their property was irreparable." Id.  The court concluded that "[e]vidence of the depreciation of the [plaintiffs'] property value therefore has no relevance to

14

calculating damages."  Id.

This finding further supports this Court's rejection of Moving Defendants' reading of the phrase: "immediately prior to the harm" to mean any damages award is required to take into account the depreciation of Plaintiff's property before the fire took place.  Instead, as the court in Cloud concluded, damages to real property that can be repaired are compensated by the cost of restoring the property to its *pre-loss condition* and thus, evidence of depreciation is not relevant to such a calculation.  Accordingly, this Court finds Moving Defendants' final argument unpersuasive on top of the additional issues Plaintiff points out in its reply brief.  (Pl. Br. at 8-10.)

In addition, as a court sitting in diversity, this Court is required to rule in accordance with New Jersey law not simply how other states have ruled on the relevant issue.  Based on New Jersey case precedent, this Court predicts the New Jersey Supreme Court would hold depreciation should not be deducted from repair costs.  For these reasons, the Court grants Plaintiff's Motion for Partial Summary Judgment to the extent it seeks this Court to order depreciation should not be deducted from repair costs if the appropriate measure of damage is repair costs and denies Defendant's Cross-Motion for Partial Summary Judgment to the extent it seeks this Court to order depreciation should be deducted from repair costs if the appropriate measure

15

of damages is repair costs.

## CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Moving Defendants' Cross-Motion for Partial Summary Judgment and grant in part and deny in part Plaintiffs' Motion for Partial Summary Judgment.

An appropriate Order will be entered.


Date: January 21, 2021          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.