**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STATE FARM FIRE & CASAULTY COMPANY, | Civil Action No. 19-19205 |
| Plaintiff, | **OPINION** |
| v. | |
| GREE USA INCORPORATED, et al., | |
| Defendants. | |

**APPEARANCES**:

DANIEL J. DELUCA
De LUCA LEVINE LLC
THREE VALLEY SQUARE
SUITE 220
BLUE BELL, PA 19422

    *On behalf of Plaintiff*

JENNIFER ANN GUIDEA
MAXINE J. NICHOLAS
DANIEL JASON DIMURO
GORDON & REES SCULLY MANSUKHANI LLP
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NEW JERSEY 07932

JOSEPH VICTOR CORSELLO
JOSEPH T. RIVERA, JR.
GORDON & REES SCULLY MANSUKHANI LLP
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004

    *On behalf of Defendants GREE USA, INC.*
    *and MJC AMERICA, LTD d/b/a SOLEUS*

**HILLMAN**, District Judge

1

This matter is before the Court on Plaintiff's Motion for Reconsideration. (ECF No. 37). For the reasons stated below, the Court will deny the motion.

### a. Standard for Motion for Reconsideration

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), a motion for reconsideration must be based on one of three grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Generally, a motion for reconsideration is intended "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). But "[r]econsideration is an extraordinary remedy that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); see also L. Civ. R. 7.1(i), cmt. 6(d). A motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. White v. City of Trenton, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). Mere disagreement with a court's decision should be raised through the appellate process and is

2

thus inappropriate on a motion for reconsideration. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

### b. Analysis

Plaintiff here moves for reconsideration of the portion of the Court's January 21, 2021 Opinion and Order partially denying Plaintiff's Motion for Partial Summary Judgment. State Farm Fire & Casualty Co. v. Gree USA Inc., 514 F. Supp. 3d 628, 631-33 (D.N.J. 2021). Plaintiff contends the Court must grant Plaintiff's Motion for Reconsideration because "the Court's partial denial of Plaintiff's motion was based on Plaintiff's failure to put forth adequate evidence relating to the DFMV of the subject property." (ECF No. 37 at 2-3). Plaintiff argues this constituted a clear error of law because the Court improperly placed the burden on Plaintiff to set forth evidence of two competing measures of damages.

In response, Defendants contend Plaintiff mistakenly argues the Court's January 21, 2021 Opinion and Order improperly shifted the burden of proving an alternative measure of damages from Defendants to Plaintiff. Defendants argue this accusation "ignores the relevant motion for summary judgment as a matter of law standard under Rule 56 of the Federal Rules of Civil Procedure." (ECF No. 40 at 9). Defendants highlight that, under the motion for summary judgment standard, the moving party

3

has the burden to: (1) "establish[] no genuine dispute as to any material to judgment as a matter of law;" and (2) identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." (Id. at 9 (citing Fed. R. Civ. P. 56(a))(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985)). Defendants finally contend Plaintiff's attempt to misstate the Court's January 21, 2021 Opinion and Order reveals that the the true intention behind Plaintiff's Motion for Reconsideration is mere disagreement with the Court's previous decision, which is insufficient to warrant the extraordinary remedy of reconsideration. This Court agrees with Defendants.

In partially denying Plaintiff's Motion for Partial Summary Judgment, the Court did not improperly place the burden on Plaintiff to demonstrate two competing measures of damages. Instead, the Court properly applied the appropriate standard articulated by the Supreme Court and Federal Rule of Civil Procedure when deciding a party's motion for summary judgment. As this Court previously explained, "[s]ummary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is

4

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." State Farm Fire & Casualty Co., 514 F. Supp. 3d at 630 (citing Celotex Corp., 477 U.S. at 330; Fed. Civ. P. 56(a)).

Plaintiff sought for the Court to enter an order, which stated "Plaintiff shall be entitled to recover the cost to repair its insured's damaged real property without regard to the depreciation of said real property." (ECF No. 28-2). In its January 21, 2021 Opinion and Order, the Court recognized that "[i]n almost every case [concerning damages to real property], one of two measures is employed," either diminution-of-market-value or replacement-cost/restoration-cost. State Farm Fire & Casualty Co., 514 F. Supp. 3d at 631 (quoting Mosteller v. Naiman, 416 N.J. Super. 632, 638 (App. Div. 2010)). The Court further noted "[b]oth measures have 'a wide sphere of application, and the court's selection of one test or the other is basically an assessment of which is more likely to afford full and reasonable compensation.'" Id. (quoting Mosteller, 416 N.J. Super. at 638). Notably, the Court held that "[i]n selecting between these two measures of quantifying property damages, New Jersey courts have recognized that 'it can be unfair to use the restoration-cost method when 'the cost of repairs vastly exceeds . . . the probable market value of the property.'" Id. (quoting Mosteller, 416 N.J. Super. at

5

638)(citing Model Jury Charge (Civil), 8.40).

Plaintiff argued repair cost was the most appropriate measure of damage because "it cannot be shown that the repair cost exceeds the property's diminution in fair market value." (ECF No. 28-1). Plaintiff supported this position and argued the approximate fair value of the relevant property was $343,000 by directing the Court to two property estimates from Zillow and Realtor.com, which stated that the market value as of May 2019 for the relevant property was $353,600 and $332,500, respectively. (Id.) The Court found Plaintiff failed to satisfy its burden of demonstrating there was no genuine issue as to any material fact for the Court to conclude that, as a matter of law, repair costs were the appropriate damage. The Court explained that "[a]t the Motion for Summary Judgment stage, the Plaintiff must rely upon facts in the record and there is nothing in the record that establishes the diminution in the fair market value ["DFMV"]." State Farm Fire & Casualty Co., 514 F. Supp. 3d at 633. This Court explained the DFMV was "necessary for the Court's determination because as New Jersey court[s] have held repair costs are not appropriate where they vastly exceed the DFMV." Id. For this reason, the Court "with the limited record before it" could not "tell whether the repair cost [was] actually more likely to afford full and reasonable compensation." Id. (emphasis in original). Accordingly, the

6

Court found that it could not "conclude as a matter of law based on the record before it that the proper measure of damage is repair costs."  Id.  To satisfy its burden of establishing there is no genuine issue as to any material fact, Plaintiff would have had to produce evidence that established the DFMV. Plaintiff failed to do so and for this reason, the Court properly denied, in part, Plaintiff's Motion for Partial Summary Judgment.

The Court did not impermissibly place a burden on Plaintiff to present two competing measures at trial.  Instead, the Court properly applied the motion for summary judgment standard by requiring Plaintiff to establish an absence of a genuine issue of material fact, which would inevitably require Plaintiff to establish the DFMV, through evidence in the record, for the Court to conclude, as a matter of law, repair damages was the appropriate remedy.  Accordingly, the Court will deny Plaintiff's Motion for Reconsideration.

## CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's Motion for Reconsideration.

An appropriate Order will be entered.

Date: September 29, 2021               s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.